IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**GREGORY J. WILSON and NANCY WILSON,**

    Plaintiffs,

    v.

**BAC HOME LOANS SERVICING,
A Limited Partnership,**

    Defendant.

Case No. 11-cv-6243-SI

**OPINION AND ORDER**

David B. Hydes
156 S. Timber Creek Dr.
Sisters, Oregon 97759
    Attorney for Plaintiffs

Gregory A. Chaimov
P. Andrew McStay, Jr.
Davis Wright Tremaine LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201
    Attorneys for Defendant

**SIMON, District Judge:**

    This action was removed from Deschutes County Circuit Court on August 3, 2011. The matter before the court is Plaintiffs' motion to amend the complaint to assert a claim for punitive damages. Defendant opposes the motion on two grounds. First, Defendant argues that Plaintiffs

Opinion and Order, Page 1

have not complied with the requirements of Or. Rev. Stat. § 31.725. Second, Defendant argues that punitive damages are not available as a matter of law for the two contractual claims asserted. Defendant's first argument is without merit, but Defendant's second argument is correct.

The procedural requirements of § 31.725 conflict with the Federal Rules of Civil Procedure and, thus, do not apply to state law claims in federal court. This conclusion is well established in cases from the District of Oregon. *Eastwood v. American Family Mut. Ins. Co.,* 2006 WL 2934260 (D. Or. Oct. 12, 2006); *King v. Deutsche Bank,* 2005 WL 611954 (D. Or. Mar. 8, 2005); *Burkhart v. L.M. Becker & Co. Corp.,* 2004 WL 1920196 (D. Or. Aug. 26, 2004); *McEuin v. Crown Equipment Corp.,* 2000 WL 33950826 (D. Or. Oct. 26, 2000); *Cole v. Builders Square,* 2000 WL 1456908 (D. Or. Sept. 20, 2000); *Pruett v. Erickson Air-Crane Co.,* 183 F.R.D. 248, 250 (D. Or. 1998). *See also* Oregon State Bar, *Federal Civil Litigation in Oregon* § 7.6 (2009).

Punitive damages, however, are not recoverable in actions for breach of contract, including a claim for breach of the implied contractual duty of good faith. *See, e.g., Rapacki v. Chase Home Finance LLC,* 2011 WL 2490658 at *6 (D. Or. June 21, 2011); *Barton v. Hartford Ins. Co. of the Midwest*, 2005 WL 174849 at *4 n. 6 (D. Or. Jan. 25, 2005), *adopted as modified,* 2005 WL 758255 (D. Or. Apr. 1, 2005).

Finally, the court does not read Plaintiffs' proposed First Amended Complaint as alleging a claim for tortious breach of the duty of good faith and fair dealing, which could permit the recovery of punitive damages. To plead such a tort, a party must allege, first, that the Defendant's conduct violated some standard of care that is not part of the Defendant's explicit or implied contractual obligations, and second, that the independent standard of care stems from a

Opinion and Order, Page 2

particular special relationship between the parties that imposed on the Defendant the obligation to pursue the Plaintiffs' interests and not just the Defendant's own interest. *Thompson v. Federico,* 324 F. Supp.2d 1152, 1167 (D. Or. 2004), *quoting Strader v. Grange Mut. Ins. Co.,* 179 Or. App. 329, 333, 39 P.3d 903, 906 (2002); *see also Boyer v. Barney,* 213 Or. App. 560, 564, 162 P.3d 1016, 1019 (2007). Plaintiffs have not pleaded these elements in their proposed First Amended Complaint, and thus do not appear to be alleging a tortious breach of the duty of good faith.

      Accordingly, Plaintiffs' motion to amend the complaint (doc. # 8) is DENIED.

      IT IS SO ORDERED.

      Dated this 2nd day of December, 2011.

                                    /s/ Michael H. Simon
                                      Michael H. Simon
                                    United States District Judge